**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

BRIAN KEITH COLODONATO,            :
              Plaintiff,            :        Case No.
                         :        Civil Law
            v.            :
                         :
CRITICAL RESPONSE PROTECTION            :
GROUP, LLC,            :
              Defendant.            :

**COMPLAINT**

**I. NATURE OF THE ACTION**

1.   This is an action for damages, reinstatement, declaratory and injunctive relief, attorneys' fees, and other appropriate relief on behalf of Plaintiff, Brian Keith Colodonato ("Plaintiff"), arising from unlawful employment practices by his former employer, Defendant, Critical Response Protection Group, LLC ("Defendant" or "the Company").

2.   Plaintiff, a 59-year-old man, was a qualified individual with a disability (emphysema and congestive heart failure) who could perform the essential functions of his position as a security officer with or without reasonable accommodation.

3.   After experiencing a disability-related medical flare-up that caused him to miss a single medically excused day of work, Defendant removed Plaintiff from the work schedule and assigned a replacement to his position. Defendant failed to communicate with Plaintiff regarding his employment status or engage in the interactive process, despite having knowledge of his disability. Plaintiff continued to work until the replacement began, but Defendant failed to pay him wages owed for that period. Upon information and belief, Defendant replaced Plaintiff with a significantly younger, non-disabled individual.

4.   Plaintiff alleges that, prior to and continuing through January 2, 2025, Defendant, through its agents, servants, and employees, discriminated against him on the basis of his

1

disability and age, and retaliated against him for engaging in protected activity, including notifying Defendant of his disabilities and requesting reasonable accommodations. Plaintiff was subjected to discriminatory and retaliatory termination, and/or constructive discharge on or about January 2, 2025.

5. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq., and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 et seq., and includes claims for disability discrimination, failure to accommodate, age discrimination, retaliation, and unlawful withholding of wages.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). This Court also has jurisdiction pursuant to 29 U.S.C. § 626(c)(1).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District because the unlawful employment practices occurred within this District.

## III. PARTIES

9. Plaintiff, Brian Keith Colodonato, is an adult individual residing in Quakertown, Bucks County, Pennsylvania.

10. Defendant, Critical Response Protection Group, LLC, is an employer with its principal place of business in Bucks County, Pennsylvania. Defendant employs more than 15 employees.

2

## IV. ADMINISTRATIVE EXHAUSTION

11. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission.

12. The Charge alleged discrimination based on disability, age, and retaliation.

13. On or about March 2, 2026, the EEOC issued a Notice of Right to Sue and this action is filed within ninety days of that Notice. Additionally, more than one year has passed since the filing of the administrative charge.

14. Plaintiff has satisfied all administrative prerequisites to bringing this action.

## V. FACTUAL ALLEGATIONS

15. Plaintiff, a fifty-nine-year-old male, was employed by Defendant as a Security Officer.

16. Plaintiff suffers from serious medical conditions, including emphysema and congestive heart failure, which substantially limit major life activities and constitute disabilities under the ADA.

17. Defendant was aware of Plaintiff's medical conditions.

18. On or about December 23, 2024, Plaintiff experienced a medical flare-up and notified Defendant that he could not report to work.

19. Plaintiff provided a doctor's note supporting his absence, as required by Defendant.

20. Plaintiff returned to work on December 24, 2024. Upon returning, Plaintiff learned he had been removed from the schedule for the remainder of the week without explanation.

21. Plaintiff returned to work on December 30, 2024. On that day, he discovered that a significantly younger individual had been hired and was being assigned to replace him at his regular post.

22. When Plaintiff learned that the newly hired individual would not be starting until December 31, 2024, he continued to work his post in the interim.

23. He attempted to obtain clarification by contacting Rob, a new associate with the Company, but received only vague responses.

24. Plaintiff made additional attempts to learn whether he would be reassigned or if the Company intended to return him to the schedule. On January 2, 2025, he placed another call to the Company and left a message, but received no response.

25. Defendant never informed him whether he has been terminated, suspended, laid off, or reassigned.

26. Around January 16, 2025, Plaintiff spoke with Defendant's owner, Christopher Rudolph, regarding the fact that he had not received a paycheck. Mr. Rudolph claimed the Company's accountant had quit and that the check would be mailed. He never received that paycheck, and his follow-up phone calls went unanswered.

27. Defendant failed to engage in any interactive process regarding Plaintiff's disabilities or need for accommodation.

28. Defendant failed to offer any reasonable accommodation.

29. The temporal proximity between Plaintiff's disability-related leave and Defendant's decision to remove him from the schedule and replace him with a significantly younger employee supports an inference of disability and age discrimination, as well as Defendant's failure to engage in the interactive process.

4

30. At no point did Defendant notify Plaintiff that his job performance was deficient or that any conduct warranted discipline or removal.

31. Plaintiff was effectively terminated or constructively discharged.

32. Defendant's conduct caused Plaintiff to suffer lost wages, financial harm, and emotional distress.

### COUNT ONE – DISABILITY DISCRIMINATION (ADA)

33. Plaintiff incorporates all preceding paragraphs.

34. Plaintiff is a qualified individual with a disability.

35. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

36. Defendant knew of Plaintiff's disability.

37. Defendant took adverse employment action against Plaintiff, including removal from the schedule and termination and/or constructive discharge.

38. The adverse actions were taken because of Plaintiff's disability.

39. Defendant's conduct violated the ADA.

### COUNT TWO – DISABILITY DISCRIMINATION (PHRA)
### (43 P.S. § 951 et seq.)

40. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

41. Plaintiff is a qualified individual with a disability within the meaning of the PHRA.

42. Plaintiff was able to perform the essential functions of his position with or without reasonable accommodation.

43. Defendant knew of Plaintiff's disability.

44. Defendant subjected Plaintiff to adverse employment action, including removal from the schedule and termination and/or constructive discharge.

45. The adverse actions were taken because of Plaintiff's disability.

46. Defendant's conduct violated the PHRA.

### COUNT THREE – FAILURE TO ACCOMMODATE (ADA)

47. Plaintiff incorporates all preceding paragraphs.

48. Plaintiff required reasonable accommodation for his medical conditions, including, but not limited to a brief period of medical leave.

49. Defendant was aware of Plaintiff's need for accommodation.

50. Defendant failed to engage in the interactive process.

51. Defendant failed to provide a reasonable accommodation and/or terminated Plaintiff for using an approved accommodation.

52. Defendant's actions violated the ADA.

### COUNT FOUR – FAILURE TO ACCOMMODATE (PHRA)
### (43 P.S. § 951 et seq.)

53. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

54. Plaintiff required reasonable accommodation for his disabilities, including a brief medically necessary absence.

55. Defendant was aware of Plaintiff's need for accommodation.

56. Defendant failed to engage in the interactive process.

57. Defendant failed to provide reasonable accommodation and/or terminated Plaintiff for requesting or using an accommodation.

58. Defendant's conduct violated the PHRA.

### COUNT FIVE – AGE DISCRIMINATION (ADEA)

59. Plaintiff incorporates all preceding paragraphs.

60. Plaintiff was over 40 years old at all relevant times.

61. Plaintiff was replaced by a significantly younger individual.

62. Defendant took adverse employment action against Plaintiff.

63. Plaintiff's age was the but for cause in Defendant's decision.

64. Defendant's conduct violated the ADEA.

### COUNT SIX – AGE DISCRIMINATION (PHRA)
### (43 P.S. § 951 et seq.)

65. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

66. Plaintiff was over forty (40) years old at all relevant times.

67. Plaintiff was qualified for his position.

68. Defendant subjected Plaintiff to adverse employment action.

69. Plaintiff was replaced by a significantly younger individual.

70. Plaintiff's age was a motivating and/or determinative factor in Defendant's actions.

71. Defendant's conduct violated the PHRA.

### COUNT SEVEN – RETALIATION (ADA and PHRA)

72. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

73. Plaintiff engaged in protected activity, including: notifying Defendant of his disabilities; and requesting reasonable accommodations.

74. Defendant was aware of Plaintiff's protected activity.

75. Defendant subjected Plaintiff to adverse employment action, including removal from the schedule and termination and/or constructive discharge.

76. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions, including temporal proximity and Defendant's failure to provide any legitimate explanation.

7

77. Defendant's conduct constitutes unlawful retaliation in violation of the ADA and PHRA.

## COUNT EIGHT – VIOLATION OF THE WPCL
### (43 P.S. § 260.1 et seq.)

78. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

79. Defendant was obligated to pay Plaintiff all wages earned.

80. Plaintiff performed work for which he was not paid, including his final week of employment.

81. Defendant failed to pay earned wages in violation of the WPCL.

82. Defendant's failure was willful and without good faith.

83. Defendant is liable to Plaintiff for all unpaid wages, liquidated damages of twenty-five percent (25%) of the total wages due or $500, whichever is greater, attorneys' fees, costs, and such other relief as provided under the WPCL.

## VI. DAMAGES

84. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered:

   a. Lost wages and benefits;

   b. Front pay and/or reinstatement damages;

   c. Emotional distress;

   d. Unpaid wages and statutory liquidated damages;

   e. Other compensatory damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Enter judgment in favor of Plaintiff and against Defendant;

   b. Award back pay and lost benefits;

8

    c.  Award front pay or reinstatement;

    d.  Award compensatory damages;

    e.  Award liquidated damages under the ADEA;

    f.  Award attorney's fees and costs;

    g.  Award unpaid wages and liquidated damages pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.;

    h.  Grant such other relief as the Court deems just and proper.

## VIII.  JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Kay Hennessy Seven

Date:  May 22, 2026

KAY HENNESSY SEVEN, ESQ.
I.D. NO.: 77262
HENNESSY LAW, P.C.
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 267-344-3600
kay@Hennessylawfirm.com
Counsel for Plaintiff

9

**<u>VERIFICATION</u>**

I, Brian Keith Colodonato, hereby verify that I am the Plaintiff in the above matter and under penalty of perjury applicable under the laws of the United States that the factual averments in the attached Complaint are true and correct to the best of my knowledge, information, and belief.

ID KrUUTRpU4wBJJqRHH9pm6b1S

Brian Keith Colodonato

5/23/2026

10